# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BERNARDO PEREZ o/b/o**
**CLAIMANT PEREZ,**

               **Plaintiff,**

**v.**                                    **Case No:   6:19-cv-716-Orl-LRH**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

               **Defendant.**

---

## MEMORANDUM OF DECISION

Plaintiff Bernardo Perez ("Plaintiff") on behalf of Amy Perez ("Claimant"), appeals the Commissioner of Social Security's final decision denying Claimant's application for disability benefits.   (Doc. 1).   Plaintiff raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings.   (Doc. 19 at 14-16, 18-19, 22-26, 29-30, 32).   The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that her decision is supported by substantial evidence and should be affirmed.   (*Id*. at 16-22, 26-32).   Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

## I.      Procedural History

This case stems from Claimant's January 13, 2015 application for supplemental security income ("SSI").   (R. 214-24).   Claimant alleged a disability onset date of November 2, 2003.   (R. 214).   Claimant's application was denied on initial review and on reconsideration.   The matter then proceeded before an ALJ.   Prior to the hearing, on June 3, 2017, Claimant passed away.   (R. 20).

On July 13, 2017, Plaintiff, who was Claimant's husband, was substituted into the action as the claimant.  The ALJ held a hearing on February 22, 2018, at which Plaintiff and his representative appeared.  (R. 40-67).[1]  The ALJ entered a decision on April 2, 2018 denying Claimant's application for disability benefits.  (R. 20-34).  Plaintiff requested review of the ALJ's decision, but the Appeals Council denied his request.  (R. 1-3).  This appeal followed.

## II.      The ALJ's Decision

In reaching her decision, the ALJ performed the five-step evaluation process set forth in 20 C.F.R. § 416.920(a).[2]  First, the ALJ determined that Claimant did not engage in substantial gainful activity after January 13, 2015.  (R. 23).  Next, the ALJ found Claimant suffered from the following severe impairments: degenerative disc disease and essential hypertension.  (*Id.*).  The ALJ also found that Claimant suffered from the following non-severe impairments: frequent headaches; fibroids; right shoulder pain; kidney problems; liver problems; chronic obstructive pulmonary disease; diabetes; and obesity.  (R. 23-24).  The ALJ, however, determined that Claimant did not have an impairment or combination of impairments that met or medically equaled any listed impairment.  (R. 24).

The ALJ next found that Claimant had the residual functional capacity ("RFC") to perform

---

[1] The ALJ originally held a hearing on October 3, 2017 but postponed it once it became clear that Plaintiff needed the assistance of an interpreter.  (R. 68-79).

[2] An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy.  *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920(a).

sedentary work as defined by 20 C.F.R. 416.967(a)[3] with the following specific limitations:

> [Claimant] could lift and carry, push and pull 10 pounds occasionally and less than 10 pounds frequently; she could sit for six hours of an eight-hour workday and stand and/or walk for up to two hours each in an eight-hour workday with normal breaks; she could occasionally balance, kneel or crawl, but could never climb, stoop or crouch; she should avoid concentrated exposure to vibrations and work place hazards, such as dangerous machinery or exposed heights; she should avoid concentrated exposure to temperature extremes and should avoid concentrated exposure to pulmonary irritants such as fumes, chemicals, dust and gases.

(*Id.*).   The ALJ found Claimant would have been unable to perform her past relevant work.   (R. 32).   The ALJ, however, determined that Claimant could have performed other work in the national economy, including final assembly worker, telephone information clerk, and call out operator.   (R. 33).   Accordingly, the ALJ concluded that Claimant was not disabled between the first date she did not engage in substantial gainful activity (January 13, 2015) through the date of her death (June 3, 2017).   (R. 34).

## III.   Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).   The Court must view the evidence as a whole, taking into account

---

[3] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.   Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.   Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."   20 C.F.R. § 416.967(a).

evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   Analysis**

Plaintiff raises the following assignments of error: 1) the ALJ erred by relying on the Vocational Expert's testimony; 2) the ALJ did not explain why she rejected some of the limitations contained in Dr. Scott Silas' opinion; 3) the ALJ's credibility determination is not supported by substantial evidence; and 4) the ALJ erred by finding Claimant's kidney impairment was not severe. (Doc. 19 at 14-16, 18-19, 22-26, 29-30). The Court will begin with the second assignment of error, because it is dispositive of this appeal.

Plaintiff contends that the ALJ erred by not explaining why she rejected some of the limitations in Dr. Silas' opinion. (Doc. 19 at 18-19). The Commissioner responds by noting that Dr. Silas was an examining physician and his opinion was therefore not entitled to any special deference. (*Id*. at 20). The Commissioner also argues that the ALJ was under no obligation to discuss and weigh each aspect of Dr. Silas' opinion and, therefore, did not commit error by failing to explain why she rejected certain portions of Dr. Silas' opinion. (*Id*. at 20-21). Finally, the Commissioner argues that the ALJ largely accepted Dr. Silas' opinion and, for the limitations she implicitly rejected, substantial evidence supports that determination. (*Id*. at 21-22).

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of

a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440.   In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining and non-examining medical sources, as well as the opinions of other sources.   *See* 20 C.F.R. § 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[4]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization.   20 C.F.R. § 416.927(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary.   20 C.F.R. § 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179.   The opinion of an examining physician, on the other hand, is generally not entitled to any special deference.   *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)).

Regardless of whether the opinion is from a treating, examining, or non-examining source, the ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned.   *Winschel*, 631 F.3d at 1179.   The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from

---

[4]  In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

Claimant's family physician, Dr. Tarik Alsharif, referred her to Dr. Silas, an orthopedic surgeon, for complaints of low back pain and sciatica.  (R. 502).  Claimant first saw Dr. Silas on February 10, 2015.  (R. 501-04).  Based on his physical examination and review of past radiographs of Claimant's back, Dr. Silas diagnosed Claimant with chronic low back pain, left lumbar radiculitis, and recent onset of left lower extremity weakness.  (R. 503).  To obtain a better diagnostic picture, Dr. Silas referred Claimant to get an MRI of her lumbosacral spine.  (R. 504). Also, Dr. Silas encouraged Claimant to avoid heavy lifting and to use a cane.  (*Id*.).

Claimant appeared for a follow up visit on February 26, 2015.  (R. 505-06).  Based on his physical examination and review of the MRI he ordered, Dr. Silas diagnosed Claimant with severe lumbar spinal stenosis and slightly improved lumbar radiculitis and recommended that she follow up with a neurosurgeon.  (R. 505).  Dr. Silas concluded by opining that Claimant would not be capable of returning to work for at least twelve (12) months.  (R. 506).  The record contains no other treatment notes from Dr. Silas.

In October 2016, Dr. Silas completed a physical RFC assessment.  (R. 828-33).  In it, he opined that Claimant can occasionally-to-frequently lift and/or carry less than ten (10) pounds, sit less than six (6) hours in an 8-hour workday, will need to frequently change positions, and can stand and/or walk for less than two (2) hours in an 8-hour workday.  (R. 829).  As for postural limitations, Dr. Silas opined that Claimant can occasionally balance, kneel, and crawl, but can never climb, stoop, or crouch.  (R. 830).  As for environmental limitations, Dr. Silas opined that Claimant should avoid concentrated exposure to extreme temperatures, vibration, fumes, odors,

dust, gases, poor ventilation, and hazards, such as heavy machinery.   (R. 832).   In support of these limitations, Dr. Silas pointed to Claimant's lumbar spinal stenosis and spondylosis.   (R. 828-33).

The ALJ discussed Dr. Silas' treatment notes and opinion in great detail.   (R. 26-27).   However, when weighing his opinion the ALJ said much less, stating that she had "generally adopted Dr. Silas' finding that [Claimant] would be reduced to a less than sedentary assessment." (R. 31).   The ALJ said nothing more regarding the weight accorded to Dr. Silas' opinion.   (*See id.*).

The ALJ adopted all of the limitations in Dr. Silas' opinion with four exceptions.   First, the ALJ found Claimant could occasionally lift and/or carry ten (10) pounds, while Dr. Silas opined that she could occasionally lift and/or carry *less than* ten (10) pounds.   (*Compare* R. 24 *with* R. 829).   Second, the ALJ found Claimant could sit for up to six (6) hours in an 8-hour workday, while Dr. Silas opined that she could sit for *less than* six (6) hours in an 8-hour workday.   (*Id.*).   Third, the ALJ did not find Claimant needed to adjust positions during the workday, while Dr. Silas opined that Claimant would need to frequently change positions.   (*Id.*).   Fourth and finally, the ALJ found Claimant could stand and walk for two (2) hours in an 8-hour workday, while Dr. Silas opined that Claimant could stand and/or walk for *less than* two (2) hours in an 8-hour workday.   (*Id.*).

Plaintiff argues that the ALJ erred by not explaining why she rejected some of Dr. Silas' opinions.   The Court agrees.   The fact that Dr. Silas is an examining physician[5] does not obviate

---

[5] The Court recognizes that Dr. Silas treated Claimant on two occasions (R. 501-06) and that Plaintiff appears to contend that Dr. Silas is a treating physician (*see* Doc. 19 at 18 ("[T]he claimant was treated by an orthopedic expert, that being Dr. Silas, . . .[.]")).   The Court, however, agrees with the Commissioner, that Dr. Silas is an examining physician.   *Coheley v. Soc. Sec. Admin.*, 707 F. App'x 656, 659 (11th Cir. 2017) ("because Dr. Wilson examined Claimant only twice, he was no treating physician . . .[.]").   This finding, however, does not affect the outcome of this appeal, since the error necessitating reversal is not tied to Dr. Silas' status as an examining physician.

the ALJ's duty to explain why she rejected portions of his opinion.  The ALJ was required to explain why she adopted some limitations and rejected others.  *Winschel*, 631 F.3d at 1179.  The failure to provide *any* explanation for rejecting some of the limitations identified by Dr. Silas precludes the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence.  *Id.*

The Commissioner argues that the ALJ was under no obligation to weigh each aspect of Dr. Silas' opinion.  (Doc. 19 at 20-21 (citing *Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 533 (11th Cir. 2014); *Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 671-72 (11th Cir. 2014)).  While an ALJ is generally not required to expressly weigh each aspect of a medical opinion, *Newberry*, 572 F. App'x at 671-72, he or she must still provide some explanation for the weight assigned to the opinion.  *Winschel*, 631 F.3d at 1179.  That appears to have occurred in both *Adams* and *Newberry* and, therefore, those cases are inapposite.  *Adams*, 586 F. App'x at 534 (explaining the ALJ articulated with particularity the weight assigned to all medical opinions and did not err by failing to specifically address certain limitations contained in the treating neurologist's opinion); *Newberry*, 572 F. App'x at 671-72 (finding the ALJ did not err by failing to explicitly weigh each part of a medical opinion where the ALJ articulated several reasons in support of the overall weight given to the same opinion).  Here, on the other hand, the ALJ did not expressly state the weight assigned to Dr. Silas' opinion.  (*See* R. 27-27, 31).  Instead, the ALJ seems to have implicitly assigned it partial weight, by adopting some but not all the limitations identified by Dr. Silas.  The ALJ, though, did not articulate any reasons in support of this disposition and, under binding Eleventh Circuit authority, the failure to do so is error.  *Winschel*, 631 F.3d at 1179.[6]

---

[6] To the extent the unpublished *Adams* and *Newberry* decisions are inconsistent with the published *Winschel* decision, the Court is bound to follow the holding in *Winschel*.

The Commissioner attempts to overcome this error by arguing that the ALJ's implicit rejection of certain limitations contained in Dr. Silas' opinion is supported by substantial evidence. (Doc. 19 at 21-22).   In so arguing, the Commissioner cites to various medical records, which he claims supports the ALJ's handling of Dr. Silas' opinion.   (*Id.* (citing R. 337, 346, 448, 468, 503, 588-89)).   The Court, however, cannot not affirm the Commissioner's decision based on such *post hoc* rationalizations.   *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).   Accordingly, the Court concludes that this matter must be reversed and remanded so the ALJ can reweigh Dr. Silas' opinion and articulate the reason(s) supporting the weight assigned.

In light of this determination, the Court declines to rule on Plaintiff's remaining assignments of error.   *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## V.   Conclusion

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff Perez and against the Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 24, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable J. Elaine Burke
Administrative Law Judge
Office of Disability Adjudication and Review
SSA OHO Hearing Office
135 Circle Lane
Knoxville, TN 37919-9998